CITIES AND TOWNS
Under 11 O.S. 50-112 [11-50-112] (1977), a local board of trustees of the Police Pension and Retirement System may by rule or regulation increase the maximum age for membership in such System from 35 to any age under 42. Thus, police officers who were older than age 35 upon hire into the department but are currently below or equal to the maximum age limit (up to 42) set by such rule, can be made eligible by rule to join the Pension System if they meet all other requirements of 11 O.S. 50-112 [11-50-112] and make all contributions which they would have made had they been members at the point in time to which they have been given retroactive membership status. A local board of trustees may not extend retroactive application of a rule effectuating the grant of authority in 11 O.S. 50-112 [11-50-112] (1977), further back than July 1, 1978, because no authority existed for an extension of membership prior to the effective date of the statute. A local board of trustees of the Police Pension and Retirement System may not by retroactive application of a rule, award membership status to any individual police officer not meeting all System entrance requirements including any extended maximum age limit upon July 1, 1978. Extension of retroactive application to persons who did not qualify on July 1, 1978, the date when statutory authority was granted, would constitute an ultra vires act of the governmental body and would therefore, be void. The Attorney General is in receipt of your letter wherein you ask, in effect, the following questions: Under the authority of 11 O.S. 50-112 [11-50-112] (1977), giving the Police Pension and Retirement System boards of trustees the power to promulgate rules increasing the maximum age for System membership from 35 to 42 years of age, can such regulations be enacted with the following provisions: 1. Retroactive application to include police officers who were over the age of 35 when initially employed by the department but are presently under the age of 42. 2. Retroactive application to include police officers who were over the age of 35 when initially employed by the department but are presently over the age of 42. Prior to July 1, 1978, the provisions of 11 O.S. 541X [11-541X] of Oklahoma Statutes, governed the minimum and maximum age requirements for the membership of police officers in the Oklahoma Police Pension and Retirement System. The pertinent part of 11 O.S. 541X [11-541X] reads as follows: ". . . Provided further that police officers in no instance shall be less than 21 nor more than 35 years of age when accepted for pension plan membership." The new Municipal Code was passed by the Legislature on July 1, 1978. The Code repealed and re-enacted the above-mentioned 11 O.S. 541X [11-541X] at 11 O.S. 50-112 [11-50-112] (1977) as well as all other portions of the Police Pension Retirement Act. In the new 11 O.S. 50-112 [11-50-112], the provisions of 11 O.S. 541X [11-541X] remain substantially the same with the addition of the following grant of authority: ". . . A police officer shall be not less than twenty-one (21) nor more than thirty-five (35) years of age when accepted for initial membership in any Police Pension and Retirement System; provided that the Board of Trustees, by rule or regulations, may increase the maximum age for membership in the Police Pension and Retirement System by not more than seven (7) years." Your letter poses questions concerning the scope of authority granted local boards in altering entrance age requirements to the Retirement System under the new statutory language. The general rule of law applicable here regarding retrospective application of administrative rules, is that unless the enabling statute declares to the contrary, the power of an agency to adopt administrative regulations is considered to include the power to give them retroactive effect as long as the rules do not conflict with restrictions of delegated legislative power, such as: (1) Disturbance of vested rights; (2) Impairment of contractual obligations; or (3) The principles relating to due process and ex post facto laws. 2 Am.Jur. 2d Administrative Law, 308; St. Francis Hospital v. Weinberger, 413 F. Supp. 323 (D.C. Calif. 1976). After careful consideration of the ramifications of such a rule under the three aforementioned guidelines, it appears that with proper care in formation of a rule and with one caveat, the contemplated rule would unlikely have any of the aforementioned constitutional flaws. First, relaxation of the age requirement for Pension System membership would not affect new applicants' rights unfavorably; neither could it affect the vested rights of other System members as vesting of rights to benefits rests only upon qualification of the individual. Secondly, no impairment of a contractual obligation owed to the Pension System by the Pension System member would result as long as any member given retroactive status was required to pay all regular contributions he would have paid had he joined the System at an earlier date. However, validity of a rule giving retroactive rights to one now qualified would depend upon fulfillment of the above requirement. Lastly, questions of due process or ex post facto rule operation are not here involved because the new rule creates rights and privileges for certain officers rather than restricting or penalizing rights held by them. Therefore, the Police Pension and Retirement boards of trustees may enact rules increasing the age for system eligibility and make such rules retroactive. However, with regard to restrictions on legislative powers of an agency, the principle that administrative agencies wholly derive their power from a statutory delegation of authority from the Legislature or from constitutional provision, must be taken into consideration. Therefore, any rule enacted pursuant to the statutory authority granted in 11 O.S. 50-112 [11-50-112] is restricted in retroactive application to the effective date of the Act or grant of authority. Any attempt by rule to include officers who were beyond the previous maximum age limit of 35 prior to the effective date of the new enabling provision, 11 O.S. 50-112 [11-50-112], would constitute an attempt by the agency to enlarge its powers beyond the scope intended by the Legislature and an ultra vires act. Further, according to a third principle of law which states that an administrative rule will be construed to operate retroactively only where that intention unequivocally appears, it is clear that in enacting such a rule, the board of trustees must carefully form it to clearly reflect the intention to operate retroactively from the face of the rule itself. 73 C.J.S. Public Administrative Bodies Procedure, 107; U.S. v. Akeson,290 F. Supp. 1212 (D.C. Colo.). Therefore, with the above qualifications in mind, it is clear that under 11 O.S. 50-112 [11-50-112] a local board of trustees may enact a regulation to increase the maximum age for membership in the Pension System from 35 to any age under 42 inclusive, and give such regulation retroactive application. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Your first question can receive a positive answer. Under 11 O.S. 50-112 [11-50-112] (1977), a local board of trustees of the Police Pension and Retirement System may by rule or regulation increase the maximum age for membership in such System from 35 to any age under 42. Thus, police officers who were older than age 35 upon hire into the department but are currently below or equal to the maximum age limit (up to 42) set by such rule, can be made eligible by rule to join the Pension System if they meet all other requirements of 11 O.S. 50-112 [11-50-112] and make all contributions which they would have made had they been members at the point in time to which they have been given retroactive membership status. A local board of trustees may not extend retroactive application of a rule, effectuating the grant of authority in 11 O.S. 50-112 [11-50-112] (1977), further back than July 1, 1978, because no authority existed for an extension of membership prior to the effective date of the statute. Your second question must be answered in the negative. A local board of trustees of the Police Pension and Retirement System may not by retroactive application of a rule, award membership status to any individual police officer not meeting all System entrance requirements including any extended maximum age limit upon July 1, 1978. Extension of retroactive application to persons who did not qualify on July 1, 1978, the date when statutory authority was granted, would constitute an ultra vires act of the governmental body and would therefore, be void. (CATHERINE GATCHELL NAIFEH) (ksg)